## THE CITY OF CHESTER.[1]

### HILTETRANT v. THE CITY OF CHESTER.

*(District Court, S. D. New York.* March 14, 1888.)

COLLISION—MEASURE OF DAMAGES—ACTUAL COST OF REPAIRS.

When a vessel, damaged by collision, has an estimate made of the cost of repairs at the place of the injury, but is afterwards repaired at another place at less cost, the latter amount is the measure of her recovery. The rule in insurance cases, that the cost of repairs at the place of injury or the nearest port is the measure of damage, does not apply to such case as this.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

In Admiralty. On exception to commissioner's report.
*Carpenter & Mosher*, for libelant.
*Wilcox, Adams & Macklin*, for respondents.

BROWN, J. The collision in this case was within New York harbor.
A survey was had here, and an estimate of the cost of the repairs reported by the surveyors. The boat was thereafter taken up the North river to Rondout, where the repairs were completed at a considerably less sum, which sum the commissioner has allowed. The libelants have excepted on the ground that, as in cases of insurance, the owner is entitled to have the boat or vessel repaired at the place of the injury or the nearest port, and.that the cost of repairs at that port is accordingly the legal measure of damages without reference to the cost at a more distant port, whether less or more. See *Center* v. *Insurance Co.*, 7 Cow. 564, 580; *Insurance Co.* v. *Southgate*, 5 Pet. 604, 609; *The Catharine*, 17 How. 170. Whatever may be the rule as regards insurance upon ocean voyages, it is not, I think, applicable to cases like the present. Complete restitution is the extent of the damage recoverable. *The Potomac*, 105 U. S. 630, 632, and cases there cited; *The Baltimore*, 8 Wall. 377, 385, 386. The libelant will obtain in the amount reported by the commissioner complete restitution. To allow more would be to award him a profit for voluntarily taking his vessel to another place for repairs. Moreover, to admit such a rule, and to award more than actual indemnity on the ground that the estimates at the port of collision exceeded the ultimate cost of repairs at another place, would be extremely impolitic, as offering the strongest temptation to exaggerated estimates of damages, and to fraudulent litigation. So manifest are the risks of such a course, that in the case of *The Catharine, supra*, it was held by the supreme court that where the repairs had been made, and the cost of making them was known, the estimates of experts as to the probable expense of repairs should not even be received in evidence, because unnecessary.

As a general rule, no doubt, the person damaged has the right to have his boat repaired at the place where the injury occurs. But the duty not to incur unnecessary expense is well settled. *The Baltimore*, 8 Wall. 377, 386–388; *Warren* v. *Stoddart*, 105 U. S. 224, 229; *Dolph* v. *Laundry Co.*, 28 Fed. Rep. 553, 558; *The Thos. P. Way*, Id. 526. The person sustaining damages by collision is, therefore, bound to act with reasonable prudence as respects the repairs. Where the expense of repairs at the place of collision would be exceptionally great, if the owner of his own motion takes his boat for repairs to another place less expensive, I see no good reason why he should recover more than his actual loss, including the time and expense of going from the one place to the other. And upon request of the party in fault, with a tender of the expense of going and returning, within reasonable limits, I have no doubt that acquiescence would be the owner's legal obligation. The surveys in this case were, as I understand, the usual surveys, which were a necessary preliminary towards making the repairs, and should therefore be allowed. If they were made for no other purpose, and had no other use than as a

mere estimate of the amount of the damage, they would not in this case be allowed, because the duty to repair, rather than abandon, was obvious. The exceptions are overruled, and the report is confirmed.