### THE WILLIAM E. FERGUSON.

(Circuit Court of Appeals, Second Circuit. May 10, 1901.)

#### No. 133.

COLLISION—DAMAGES—REVIEW ON APPEAL.

The finding of a commissioner, approved by the court, as to the cost of repairing a vessel injured in collision, based on the testimony of experts, the repairs not having been made, will not be disturbed on appeal unless manifestly incorrect.

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decree of the district court, Eastern district of New York (102 Fed. 699), in favor of libelant for $604.51 damages and $131.50 costs ($736.01 in all), for damages sustained by the canal boat T. F. Accles by reason of a collision with a steamship in tow of the steam tug William E. Ferguson. An interlocutory decree referred the question of damages to a United States commissioner, and his report was sustained by the district judge, exceptions thereto being overruled. The appeal is brought solely as to the amount and extent of damages.

Le Roy S. Gove, for appellants.

N. Zabriskie, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The testimony taken upon the reference shows that a survey was held on the injured boat, the master (libelant) pointing out what damage had been done. The results of the survey, with recommendations, were set down in writing, and the person who made it testified to its accuracy. None of the repairs called for by the survey were made, the libelant, for satisfactory reasons, having concluded to alter her over into an open boat. In consequence no proof could be given of the actual cost of making the repairs, and it became necessary to call ship carpenters to testify what would have been the fair and reasonable value of making them. Three of these experts testified. One of them (Cahill), a man of 35 years' experience in his business, and one of the two persons who made the original survey, gave such amount as $465. Another (Bushey), who altered her into an open boat, estimated the value of such repairs at $630.04. A third (Murphy), a man of 40 years' experience, and who examined her two weeks after the accident, and made a written report of her condition, which does not entirely agree with the survey, estimated the value of the necessary repairs at $100.12. The commissioner found the fair value of necessary repairs to be $524.15. All the witnesses testified before him, and there is no reason shown for rejecting his conclusion. The allowance of interest from the date of the disaster is proper, and 10 days' demurrage at $3 a day is justified by the proof. Decree of district court affirmed, with interest and costs.