THE ELMER A. KEELER.

(Circuit Court of Appeals, Second Circuit. February 2, 1912.)

No. 156.

1. COLLISION (§ 125*)—SUIT FOR DAMAGES—REFERENCE TO COMMISSIONER—PROOF OF DAMAGES.

A preliminary survey of a vessel injured in collision, by surveyors chosen by both parties, is not conclusive upon either as to the extent of the injury, on a hearing before a commissioner appointed to ascertain the damages in a suit for the collision; but it is his duty to take proof, although the survey may be received and considered as an admission by agents of the parties.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 266–279; Dec. Dig. § 125.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COLLISION (§ 134*)—SUIT FOR DAMAGES—DAMAGES RECOVERABLE.

The fact that the owner of a vessel injured in collision made temporary repairs, so that she could be used, does not limit his recovery of damages from the vessel in fault to the cost of such repairs.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 288; Dec. Dig. § 134.*]

3. COLLISION (§ 125*)—SUIT FOR DAMAGES—EVIDENCE—FINDING OF COMMISSIONER.

A finding by a commissioner of the amount of damages recoverable in a suit for collision, confirmed by the District Court, *held* sustained by competent evidence.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 266–279; Dec. Dig. § 125.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by Charles E. McWilliams and Adolph Dexheimer, as owners of the barge Daisy, against the steam tug Elmer A. Keeler; Elmer A. Keeler, claimant. Decree for libelants, and claimant appeals. Affirmed.

James J. Macklin and De Lagnel Berier, for appellant.

Herbert Green, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. [1] The only questions involved in this appeal relate to the amount of the damages and the proof relied on by the commissioner in ascertaining the amount. The commissioner says in his report:

"After the collision referred to, a survey of the damages sustained by the barge Daisy was held. Such survey was produced and offered in evidence; it set forth in detail the extent of the damages caused by the collision; it was made and signed by surveyors chosen by the libelants and the underwriters of the claimant; its corrections is in no manner attacked; it must, therefore, be accepted as showing the extent of the damages caused to the barge by the collision."

The claimant insists that this ruling was erroneous and that he was entitled to have the damages established by the testimony of witnesses produced and sworn and subject to cross-examination by him.

After the survey the libelants asked for bids and received four, ranging from $400 to $460, the lowest bid, $400, being claimed by the libelants and allowed by the commissioner. In other words, it is argued, that the commissioner found the survey conclusive as to the extent of the damages and accepted the lowest bid as establishing the amount of the damages.

Assuming the foregoing to be a correct statement of the commissioner's ruling, we are of the opinion that the survey was not conclusive, in the absence of an admission as to its accuracy. It is the duty of the commissioner in these cases to take proof to ascertain what the actual damage is. He is appointed for this purpose.

If the survey and the bid were conclusive, there was no necessity for a commissioner. They furnished all the testimony needed and judgment could have been entered automatically. The question to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be determined was what were the damages occasioned by the collision —what would it cost to place the Daisy in the condition she was in immediately prior to the collision. Upon this question the survey, the bid and the amount paid by the libelants, $45, for temporary repairs might properly be considered by the commissioner in reaching his conclusion, but they did not exempt the libelants from the duty of establishing their claim by common law proof. The ultimate fact to be ascertained was the actual damage, and this may have been $45 or $400 or any sum, between or outside of these two sums, which correctly represented the injury occasioned by the collision.

No case had been cited where a preliminary survey has been held' to be conclusive and it seems to us that there is no logical foundation for such a rule. The claimant is entitled to have common law proof of the libelant's damage unless such proof has been expressly waived by his admissions or he is estopped by his acts. We do not think that he is precluded from insisting that the damages which he must pay shall be proved in the ordinary way.

The case of The William E. Ferguson, 108 Fed. 984, 48 C. C. A. 173, is relied on, but from the meager report, does not seem to be an authority for the contention of the libelants. The opinion says:

"The results of the survey, with recommendations, were set down in writing, and the person who made it testified to its accuracy."

Three experts were called to prove what would be the fair and reasonable value of making the repairs, one of them having joined in making the original survey. They differed in their estimate, placing the cost of repair at $465, $630 and $100 respectively. The opinion then proceeds:

"The commissioner found the fair value of necessary repairs to be $524.15. All the witnesses testified before him, and there is no reason shown for rejecting his conclusion."

In other words, the facts in the Ferguson Case were all established by testimony of witnesses.

We have considered the case thus far upon the theory that the appellant is correct in his contention that the commissioner decided the case upon the ground that the survey was conclusive upon the parties. Both parties seem to treat the case as though it were disposed of upon this ground, and that the finding of the commissioner could not have been upheld upon any other theory. We have dwelt upon this aspect of the case because of the statement by counsel that there was a difference of opinion among the members of the admiralty bar and that it would simplify the practice if the question were set at rest.

We are of the opinion, then, that the survey was not conclusive. It was, however, proper to be considered as an admission of the agent of the owner of the tug. It might be controverted and shown to be incorrect, but until this was done the bargeowner had a right to rely upon it as the formal conclusion of two experienced surveyors selected by the parties to ascertain the extent of the injury. The claimant was at liberty to show, if he could, that the survey proceeded upon an erroneous theory, or that injuries were included which were not attributable to the collision or that damages were fixed at

too high a sum. In short, the claimant was not precluded from proving any fact which tended to impeach the case made by the libelants.

A careful examination of this record, however, convinces us that it is not necessary to invoke the conclusiveness of the survey in order to sustain the commissioner's report, and that it can be upheld even if the survey, as such, be disregarded.

[2, 3] There can be no doubt that the libelants were entitled to recover all the damages occasioned by the collision. They were entitled to have the Daisy restored to the condition she was in prior to the collision. The fact that the libelants made temporary repairs is, in our view, immaterial. The theory that they are limited to the amount paid for such repairs would lead to the absurdity that if they had made no repairs at all and had used the barge in her damaged condition, they could recover nothing. The survey proceeded, therefore, upon correct lines, in pointing out the items of injury caused by the collision.

Robert E. Jensen, the libelants' surveyor, was sworn as a witness. He testified that the owner of the tug, Mr. Keeler, was present at the time the survey was made and that it "correctly states the damage which was found." After this testimony, the survey was offered and received in evidence without objection. Mr. Jensen also testified that he had estimated the cost of making the repairs in accordance with the survey and that it was $400.

Ira S. Bushey, a witness called by the claimant, was shown the survey and asked if he had any criticism to make regarding it, and he answered, "It seems correct." He also said, assuming that the survey correctly described the damage, the repairs should be made as stated. Mr. Bushey was one of the parties who put in a bid of $460 for making the repairs on the Daisy, and he swore that the time necessary to complete them would be "six working days."

There is no contradiction of this testimony, the claimant proceeding upon what we think was an erroneous theory, that the libelants, having made temporary repairs to the extent of $45, were precluded by that amount.

The finding of the commissioner was, therefore, amply sustained by proof other than the survey and is not dependent upon a ruling declaring the survey conclusive upon the parties.

The decree is affirmed with costs.