## PHILADELPHIA, B. & W. R. CO. v. SOUTHERN TRANSP. CO.

(Circuit Court of Appeals, Fourth Circuit.   June 12, 1913.)

### No. 1,152.

ADMIRALTY (§ 118*)—REVIEW ON APPEAL—FINDINGS OF TRIAL COURT.
     Findings made by a court of admiralty on testimony taken in open court are entitled to great weight, and should not be disturbed by an appellate court, unless inconsistent with the evidence.
     [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 758–775, 794; Dec. Dig. § 118.*]

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit in admiralty by the Southern Transportation Company, as owner of the barge Brandywine, against the Philadelphia, Baltimore & Washington Railroad Company.   Decree for libelant, and respondent appeals.   Affirmed.

For opinion below, see 196 Fed. 548.

Shirley Carter, of Baltimore, Md., for appellant.

Arthur D. Foster and Eli Frank, both of Baltimore, Md., for appellee.

Before PRITCHARD, Circuit Judge, and DAYTON and SMITH, District Judges.

PER CURIAM.   This is an appeal from a decree in admiralty of the District Court of the United States for the District of Maryland. The appeal is based upon 59 assignments of error, 44 of which relate to findings of fact by the court below.

In this cause the testimony was taken in open court, which afforded the learned judge who heard the case in the court below an opportunity to observe the conduct and demeanor of the witnesses while testifying, and to determine the weight to be given to their testimony.   After considering the same, the court found the facts upon which the decree is based, and the same are entitled to great weight, and should not be disturbed under the circumstances of this case, unless it appears that such findings of fact are inconsistent with the evidence.

We have carefully considered the testimony and the assignments of error relied upon by appellant, and we are of opinion that the rulings of the lower court, in the light of the evidence and the law relating to the same, were proper.   In view of what we have said, we do not deem it necessary to enter into a discussion of the questions involved in this controversy, further than to say that we are fully in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

accord with the views expressed in the opinion filed by the lower court, which is reported in 196 Fed. 548. Therefore the decree of the lower court is affirmed.

Affirmed.