### THE JAMES McWILLIAMS.

(Circuit Court of Appeals, Second Circuit. February 6, 1917.)

No. 167.

COLLISION ⊂⇒130, 154—SUIT FOR DAMAGES—LACHES.
    Where a suit for collision was not brought until four years after the collision, and was not brought on for trial until two years later, libelant, on recovery, *held* not entitled to interest nor costs.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 284, 308.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by William G. Beach against the steam tug James McWilliams; the James McWilliams Towing Line, claimant. Decree for libelant, and claimant appeals. Modified and affirmed.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Macklin, Brown & Purdy, of New York City (Pierre M. Brown, of New York City, of counsel), for appellant.

Park & Mattison, of New York City (Henry E. Mattison, of New York City, of counsel), for appellee.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. This appeal raises two questions: (1) Whether the court below was justified in finding that a fair preponderance of evidence proved the collision complained of as occurring by fault of the tug; and (2) whether, in view of the procrastination characterizing the bringing and progress of the action, libelant was in any event entitled to any or a full recovery.

As to the first point we confirm the findings of the court below, upon the familiar ground that there was clearly evidence for libelant justifying some recovery, and that the court, which heard and saw the witnesses, is better able to weigh and measure all the evidence than is an appellate tribunal reading from the printed page.

The second point requires consideration of some incontrovertible facts derived from the court dockets. The collision in question occurred May 6, 1909, libel was filed April 29, 1913, and the cause was not brought on for trial until May 13, 1915. In so simple a litigation as this, difficulties productive of expense are almost always the natural result of delay (McWilliams v. Philadelphia, etc., Co., 203 Fed. at 861, 122 C. C. A. 84), and a libelant so delaying cannot justly complain if, even when he proves his legal damage, the discretionary allowances of interest and costs are withheld. We think such withholding should occur in this instance.

The decree below is modified, by reducing libelant's recovery to the damages stated in the decree, viz. $246, and, as so reduced, it is affirmed, without costs of this court to either party.