## THE JOHN J. TIMMINS.

(District Court, S. D. New York. March 10, 1926.)

Damages ⬤⟹67.

Libelant, who delayed commencement of suit for 5 years, 43 days, held not entitled to interest during such time on damages recovered.

In Admiralty. Libel by the International Elevating Company against the steam tug John J. Timmins; Edward M. Timmins, claimant, and others. On exceptions to commissioner's report. Exceptions sustained.

On exceptions to the commissioner's report. Libelant's cause of action arose on November 11, 1916. The libel was not filed until January 27, 1922, although in December, 1916, the claimant of the Timmins agreed to appear and give security for his tug, if any suit was brought. Upon the trial on June 26, 1925, the District Court allowed libelant a decree, but in its opinion was silent as to interest and costs. The commissioner, to whom the case was referred, allowed interest in full on the damages reported, upon the theory that, the court having considered the defense of laches and nevertheless found for the libelant, had inferentially sanctioned the allowance of interest on its damages, without any deduction on account of delay in instituting the proceedings. Exceptions to the commissioner's report were concerned only with the interest on damages.

Harison & Hewitt, of New York City, for libelant.

Burlingham, Veeder, Masten & Fearey, of New York City (C. B. Manley O'Kelley, of New York City, of counsel), for claimant.

THACHER, District Judge (after stating the facts as above). The libelant having delayed the commencement of this suit for a period of 5 years and 43 days, this period should be excluded in computing interest upon damages allowed by the commissioner. Arpillao (C. C. A.) 270 F. 426, 429; James McWilliams, 240 F. 951, 153 C. C. A. 637.

To this extent the exceptions are sustained, and final decree may be entered accordingly.