## PENNSYLVANIA R. CO. v. DOWNER TOWING CORPORATION et al.

(Circuit Court of Appeals, Second Circuit. March 26, 1926.)

No. 251.

**1. Admiralty ⬅73—Common-law rules of evidence do not apply in suit to recover damages for maritime tort.**

Common-law rules of evidence do not apply in suit to recover damages for maritime tort, but admiralty pursues its own methods of proof.

**2. Collision ⬅132.**

Question in collision cases is always what money will reasonably, but fully, compensate libelant for damages proved.

**3. Collision ⬅134—Libelant's recovery for repairs necessitated by collision is limited to payment made for complete repairs, but he is not required in limine to prove repair bill item by item.**

Libelant, seeking to recover damages for repairs necessitated by collision, is limited to cost of complete repairs, even if vessel is repaired in a yard much cheaper than one he would have been justified in patronizing, but he is not required in limine to prove repair bill item by item, as is a shipwright suing on contract.

**4. Collision ⬅125.**

Shipowner, whose ship is wrongfully injured, as against wrongdoer, may liquidate his damages by expert testimony alone, and need never repair it at all.

**5. Collision ⟨⟩134.**

Making of temporary repairs to vessel injured in collision does not preclude owner recovering cost of permanent repairs.

**6. Collision ⟨⟩125.**

Survey of damages to vessel from collision was not evidence against corporate owner of vessel at fault, not attending survey.

**7. Collision ⟨⟩125—On libel for damages to vessel from collision, facts held to make out prima facie case for recovery by libelant.**

On libel for damages to vessel from collision, uncontradicted testimony of surveyor as to nature and extent of damages, testimony that repairs were made according to survey, and proof of payment of bill limited to repairs covered by survey and that charges were reasonable, *held* to make out prima facie case for libelant, where respondent merely proved that it had received no notice of survey.

**8. Collision ⟨⟩130—Libelant, causing unexcused delay of five years between reference and report in collision case held not entitled to interest on damages for full period of delay.**

Where there was unexcused delay of five years between reference and report as to damages to libelant's vessel in collision, caused by libelant's failure to press hearings before commissioner, *held*, that interest on damages will not be granted for full period of delay.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Pennsylvania Railroad Company against the Downer Towing Corporation and another. Decree for respondent first named, and libelant appeals. Decree modified, with directions.

Libelant owned barge 490; a tug belonging to the Downer Corporation had charge of it, and left it at the end of a Manhattan pier, an admittedly improper place. A tug and tow belonging to the New York Central Railway, in entering the slip alongside the pier where No. 490 lay, injured that barge. This litigation arose and the trial court held both New York Central and Downer Corporation at fault.

The New York Central paid without contest one-half of libelant's repair bill. The Downer Corporation objected before the commissioner that said repair bill was not properly proved, and both commissioner and District Court so held. Libelant then took this appeal, which presents no question other than that of damage.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark and William J. Dean, both of New York City, of counsel), for appellant.

Alexander & Ash, of New York City (Edward Ash, of New York City, of counsel), for Downer Towing Corporation.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The court below seems to have held that there "was no satisfactory proof that the items of repairs shown on the (repair) bill were necessitated by the collision," and commissioner and court certainly held that said repair bill "was not shown to be correct in accordance with the rule in The Spica (C. C. A.) 289 F. 436," and for that reason also rejected it.

It is quite true that the proof offered was not like that discussed in The Spica, and it is just as true that this case presents wholly different legal conditions. In The Spica, libelant was suing on a contract, the libel was a "declaration in assumpsit" (page 440), the duty of libelant was to prove the fulfillment of contract secundum allegata, and the legal point treated is how far what is roughly called the hearsay rule, might and should be relaxed when the effort was to prove "the reasonable cost of executing by very numerous employees a large piece of work."

[1] The present suit is to recover damages for a maritime tort; libelant is not called on to show performance of any contract, and (as is pointed out in The Spica) admiralty, untrammeled by common-law rules of evidence, pursues its own methods of proof.

[2, 3] The question in collision cases is always: What money will reasonably but fully compensate libelant for the damages he proves? In nine cases out of ten, the repair bill represents a large item in reckoning compensation, and the party injured and paying the bill is limited to what he paid for complete repairs, even when he took his boat to a yard much cheaper than one he would have been justified in patronizing (The City of Chester [D. C.] 34 F. 429); but never is he called on in limine to prove his repair bill item by item, as is the shipwright, who sues on a contract.

[4, 5] One whose ship is wrongfully injured, as against the wrongdoer, may liquidate his damages by expert testimony alone, and never repair at all (The William E. Ferguson [D. C.] 108 F. 984; The Edward G. Murray [C. C. A.] 278 F. 895), and the making of temporary repairs does not preclude a libelant from recovering cost of permanent repairs (The Elmer A. Keeler, 194 F. 339, 114 C. C. A. 331).

If this libelant had *tried* to follow the

course offered in The Spica, and failed, that failure might have been punished; but there was no compulsion to pursue that path in this last case, if familiar admiralty practice points out another.

[6, 7] We think there is another, and libelant followed it. By producing surveyors, the general nature and extent of damage was shown. The survey itself was not evidence against Downer Corporation, because it had not attended (The Westchester, 254 F. 576, 166 C. C. A. 134); but the evidence of those who saw the boat and signed the survey was not denied. By producing an expert ship carpenter libelant showed that what the surveyors saw a certain shipyard repaired, and it was admitted that said shipyard rendered a bill, which purported to cover the survey repairs and nothing else, and it was proven that in terms it did cover nothing else. Finally, libelant showed that it had paid the bill, and that the items of charges thereon were reasonable. Except for proving that it had received no notice of survey (which nobody asserted), Downer Corporation offered no evidence. By every canon of admiralty procedure in collision causes, this was a prima facie case, and on this record that is all respondent is entitled to demand.

[8] We note, however, unexcused delay in pressing hearings before the commissioner. The case was tried on the merits as rapidly as calendar conditions permitted, and no difficulty is apparent in producing evidence of damage; that work was simple, yet five years elapsed between reference and report. What was done in The Arpillao (C. C. A.) 270 F. 426, is appropriate here, although the delay occurred, not in this but in the District Court.

The decree is modified, with costs, and the court below directed to add to its allowance of damages one-half of the repair bill as proven; but, in computing interest, the same shall be granted for three years' less time than that for which it would normally be allowed.