### THE NO. 10.

**NASSAU SAND & GRAVEL CO., Inc., v. RED STAR TOWING & TRANSPORTA-TION CO., Inc., et al.**

District Court, S. D. New York.
July 1, 1931.

William F. Purdy, of New York City (Edmund F. Lamb, of New York City, of counsel), for libelant.

Single & Single, of New York City, for respondent.

KNOX, District Judge.

This court has previously found that the injuries sustained by libelant's boat were due to the fault of Red Star Towing & Transportation Company. While there was some question in the court's mind as to the extent of the damage attributable to the grounding of the barge, the special commissioner has reached the conclusion that the broken keelsons were due to stranding, for which respondent is responsible. I have read the testimony taken before him and shall not disturb his finding. Nor can I, as requested by respondent, hold that libelant's damages should be confined to the cost of the temporary repairs made to the barge. The appellate court for this circuit has declared, as definitely as language will permit, that the making of temporary repairs, although they may adequately serve the purposes of permanent repairs, does not preclude a libelant from recovering the cost of permanent repairs. See The Elmer A. Keeler (C. C. A.) 194 F. 339, and Pennsylvania Railroad Company v. Downer Corporation (C. C. A.) 11 F.(2d) 466. The other exceptions to the report of the special commissioner, in view of what has been said, are of no consequence, and they will, along with exceptions Nos. 1 and 2, be overruled and the report confirmed.