**THE MOLLIE SCULLY.**

**THE SUSIE SCULLY.**

**THE HENDRIK HUDSON.**

**WALDIE v. HUDSON RIVER DAY LINE.**

District Court, S. D. New York.
July 14, 1931.

Single & Single, of New York City (George B. Warburton, of New York City, of counsel), for libelant.

Hatch & Wolfe, of New York City (Carver W. Wolfe, of New York City, of counsel), for claimant.

WOOLSEY, District Judge.

The first, second, and third exceptions to the master's report are sustained and the cause is remanded to the Commissioner who made this report, with instructions to him to hear evidence and report again fully to this court with all convenient speed covering the whole question of damages again in accordance with this opinion and dealing specifically with the following questions:

1. What was the actual cost of the repairs to each of the barges?

2. What was the condition of the two barges after the repairs were completed?

3. What were the dates on which the repair bills for such repairs were paid by the libelant. And

4. What were the damages for physical injury resulting from these facts?

The fourth, fifth, sixth, and seventh exceptions to the Commissioner's report are overruled.

I. This is one of the most unsatisfactory records which I have ever seen either during my experience at the bar or on the bench.

Even when read carefully one cannot escape from the impression that the witnesses were operating in an almost impenetrable fog of forgetfulness mixed with hearsay. Out of this murk there does emerge, however, the fact that all the repairs mentioned in the surveys, Libelant's Exhibits 1, 2, and 3, were not made, but that, nevertheless, the barges were put in such condition, by the repairs which were made, as to make them seaworthy enough to carry dry cargoes. This they have done, so far as appears, for the last three years.

It is quite true that one whose ship has been injured may, against the wrongdoer, liquidate his damages by expert testimony and never repair his vessel. Cf. The William E. Ferguson, 108 F. 984 (C. C. A. 2); The Edward G. Murray, 278 F. 895 (C. C. A. 2); Pennsylvania R. R. Co. v. Downer Towing Company (C. C. A.) 11 F.(2d) 466, 467. But owing to the necessary looseness of such method of proof, recourse should only be had to it in cases of special circumstances which necessitate a departure from the ordinary rule.

The normal method of proving physical damage is to show exactly what repairs were made and what those repairs cost.

II. Here the libelant and the Commissioner have, apparently, relied on three survey exhibits: Libelant's Exhibit 1, the survey report of November 30, 1927, on the Susie Scully; Libelant's Exhibit 2, the survey report of November 30, 1927, on the Mollie Scully; Libelant's Exhibit 3, the supplementary survey report on the Mollie Scully of December 2, 1927.

On the surveys held November 30, 1927, on the two vessels, the claimant was represented by a surveyor.

The claimant, however, did not have any surveyor present at the supplementary survey of the Mollie Scully on December 2, 1927, although a copy of a letter notifying it of this survey was admitted in evidence.

The survey of November 30, 1927, on the Susie Scully, after listing certain repairs as "necessary to repair the damage," ends with "we agree on the cost of the above repairs in the sum of Eight hundred dollars ($800)." However, it was signed by the surveyors "without prejudice."

The same course was followed with regard to the Mollie Scully on the survey of November 30, 1927, except that the cost of repairs on her were fixed at $650.

On the supplementary survey of December 2, 1927, which was not signed by a representative of the claimant, it was noted "we agree on the cost of the above repairs in the sum of Nine hundred and fifty dollars ($950)." All the surveys were signed by a Mr. Bushey at whose repair yards the vessels were then lying and who subsequently made the repairs.

The surveys, therefore, may fairly be considered as equivalent to tenders by Mr. Bushey which were regarded by the other surveyors as not unreasonable for the work indicated in them.

The surveys certainly cannot be regarded as an agreement fixing the damages at the amounts named irrespective of what the repairs named actually cost or of whether it was found that all the repairs named were necessary in order to put the vessels in seaworthy condition.

III. I cannot find in the evidence or the exhibits sufficient details to enable me to know just what the repairs cost.

Consequently I am sending this case back to the Commissioner to take evidence as to the actual cost of the repairs, the condition of the vessels when the repairs were completed, and the date or dates on which the bills for repairs were paid. For it is from that date or dates that interest on the cost of the repairs should be calculated.

IV. Inasmuch as the owners did some repairs of their own whilst the vessels were at the repair yard, I think that the rough division of the five days' detention made by the Commissioner, by which he allocated three days of the detention to the damage repairs, is sufficiently correct for present purposes, and as to the towage and the damaged hawser, I confirm his findings and overrule the exceptions to them, although the evidence on which he was forced to base his findings was most tenuous.

V. An order may be presented for signature on two days' notice sustaining the first, second, and third exceptions, and overruling the fourth, fifth, sixth, and seventh exceptions filed by the claimant and remanding the case to John E. Joyce, Esq., as Special Commissioner, to take further evidence in accordance herewith and report thereafter with all convenient speed the amount of the damages found after this corrective measure.