## THE BUMBLE BEE.

### IRA S. BUSHEY & SONS, Inc., v. HURON STEVEDORING CO.

### No. 7813.

District Court, E. D. New York.

Oct. 6, 1932.

Foley & Martin, of New York City, for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (L. De Grove Potter, of New York City, of counsel), for respondent.

BYERS, District Judge.

Hearing on exceptions to the report of a Commissioner in Admiralty, fixing libelant's damages as the result of injury in 1925 to its deck scow Bumble Bee through the falling upon its deck of a one-ton draft of copper being lightered from a ship.

The lowest estimate for repairs required to restore the barge to her condition prior to the happening was $2,823.00. The respondent's expert offered an estimate of $1,300.00, but, for reasons not requiring exposition, his conclusion on this subject was discredited.

The repairs so forecast were never made, nor was this required in order to establish libelant's loss in the legal sense. The report correctly relies upon The Elmer A. Keeler (C. C. A.) 194 F. 339.

That case has been followed in The B. F. Guinan (D. C.) 40 F.(2d) 277, and The No. 10 (D. C.) 52 F.(2d) 704.

"Temporary" repairs were made, at the cost and reasonable value of $80.00, and, for the reasons stated in The Elmer A. Keeler, the Commissioner declined to fix libelant's damages at that sum.

Within four months of the damage, the scow was sold for $15,000.00, although her value at that time, if undamaged, would have been $17,000.00, according to libelant's testimony.

Respondent's expert, Haight, testified that the temporary repairs made the vessel stronger and better than she was originally, and consequently that there had been no diminution in value, after the temporary repairs had been made.

This, of course, did not meet libelant's proof as to the extent of its damage on the reasonable cost of repair theory; it was opposed to the libelant's proof—such as it was —of loss of market value based on sale. The Commissioner was persuaded by the libelant's testimony on this subject, and it cannot be said that there is nothing to support the conclusion. If this were the only question, perhaps additional evidence would be required.

In this state of the record, the Commissioner sensibly adopted the lower of the two possible figures representing libelant's damage, and fixed the same at $2,000.00 plus temporary repairs and two days' demurrage.

Under the decision of the Circuit Court of Appeals in affirming the interlocutory decree,

interest for four years must be deducted from the total award. 56 F.(2d) 604. This seems not to have been drawn to the attention of the Commissioner.

The opinion for affirmance rather invited respondent to offer proof before the Commissioner to the effect that the injury was greater because of imperfect design of the scow, and as to whether "the recovery must be limited to what a seaworthy scow would have suffered."

This invitation was ignored. There is nothing in the record before the Commissioner concerning either the design of the vessel or her seaworthiness.

True, the witness Lynner says that, if the scarf in the damaged stringer had been located over "a transversal beam," there would have been no such damage done as this case involves; and that it would have been "entirely practical" to so locate the scarf. Otherwise the record is silent, so far as respondent is concerned. For the libelant, the testimony is that this scow is of conventional design and construction.

It is. not thought that respondent has sought to take advantage of the intimation contained in the opinion of the Circuit Court of Appeals.

Exceptions overruled, except as to interest for four years.

Settle decree on notice.