NASSAU SAND & GRAVEL CO., Inc., v. RED STAR TOWING & TRANSPORTATION CO., Inc., et al.

No. 101.

Circuit Court of Appeals, Second Circuit.

Dec. 19, 1932.

Single & Hill, of New York City (Christopher E. Heckman and Thomas H. Middleton, both of New York City, of counsel), for appellant.

Purdy & Purdy, of New York City (John E. Purdy and Edmund F. Lamb, both of New York City, of counsel), for libellant-appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

The respondent does not assert that the tug was not liable for leaving the barge at another berth than that agreed upon. We are therefore concerned only with the duties of the bargee in the circumstances, and how far his faults relieve it. We have held that if he is assured that the berth is safe, and acts upon that assurance, he need not sound. The Eastchester, 20 F.(2d) 357. If he is so assured, but does not accept the assurance, and sounds, but sounds ineffectively, the damages will be divided. The Bleakley No. 76 (C. C. A.) 54 F.(2d) 530. If he has no assurance beyond the mere fact that he is given the berth, he must sound. The B. B. No. 21 (C. C. A.) 54 F.(2d) 532; Hirsch Lumber Co. v. C. Ottaviano & Co. (C. C. A.) 18 F.(2d) 952; The Dave & Mose (Fahey v. New York), 49 F. 389 (D. C.) affirmed Fahy v. N. Y. (C. C. A.) 61 F. 336; Sinram v. Pennsylvania R. Co. (C. C. A.) 61 F.(2d) 767. Here the bargee had no assurance as to the berth, and did not sound or otherwise seek to ascertain what the bottom was. It is indeed open to argument that, even before he first went ashore, he had already learned that the berth was foul. Had he done so, and deliberately lain where he was, the libellant might well not recover at all. However, since the respondent has the burden, we think this would go too far on the evidence; we hold that it was a case of concurring negligence

and that the damages must be divided. In what we have said of the bargee's duties, we are to be understood as demanding no more of him than he can learn with the simple means at his disposal. Thus we should not charge him for failing to find stones, boulders or lumps in the berth. Smith v. Burnett, 173 U. S. 430, 19 S. Ct. 442, 43 L. Ed. 756. We are speaking primarily of the general slope of the bottom together with whatever else can be ascertained by a sounding pike. This the bargee must use, and the owner will share his fault if he does not do so, or fails to discover what it would disclose.

As to the allowance for repairs, we cannot see any ground to interfere. The barge was new and she was injured by the strand; the respondent has not shown what, if any, other injuries she suffered from the second grounding. When the wrong is once proved and the damages resulting from it, the burden rests upon the tort-feasor, not only to show that the sufferer's inaction was responsible for part of that damage, but what part was properly attributable to the inaction. The Mason, 249 F. 718 (C. C. A. 2). The respondent has not done this. There are instances in which temporary repairs with depreciation are full indemnity, but this is not one. To say that splices on the keelsons made the barge as good as she was, is manifestly absurd. The repairs were a proper item. The Elmer A. Keeler, 194 F. 339 (C. C. A. 2); Pennsylvania R. Co. v. Downer Towing Corp., 11 F.(2d) 466 (C. C. A. 2).

There was no adequate proof of demurrage. Decree modified by eliminating $60 for demurrage, and dividing the remaining damages.