## CITIES SERVICE TRANSP. CO. v. GULF REFINING CO.

### No. 86.

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1935.

James L. Gillingham, of New York City, for appellant.

Hatch & Wolfe, of New York City (Carver W. Wolfe, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

We need consider no other question in this case than whether the libellant, the owner, was at fault as well as the charterer. This suit was for breach of a charter party in which the charterer agreed that "the steamer shall load and discharge at a place or at a dock or alongside lighters * * * which shall be indicated by charterers and where she can lie always afloat." The charterer's port captain pointed out the place where she should lie to load and the master took his word for it and did not sound. The ship took a strand and the suit is for the injuries suffered. The question is of the master's supposed fault in not sounding. We think the situation analogous to that of a bargee who accepts a berth pointed out to him—a matter we have often considered. We adhere to the rule as laid out in Nassau Sand & Gravel Co. v. Red Star T. & T. Co. (C. C. A.) 62 F.(2d) 356, which we repeat, as the parties and the judge seem to have overlooked the case. If the bargee or master has received express assurance that the berth is fair and relies upon it, he is not at fault. If he receives that assurance but does not rely upon it and undertakes to sound for himself, both are at fault and damages are divided. If he gets no express assurance, he must sound, and again the damages are divided. This reconciles our decisions and is a reasonable working doctrine. In the case at bar, the port captain appears to have given express assurance to the master at the time that the berth was fair; but even if he had not, the charter party was itself an express assurance, on which the master was entitled to rely, that at the berth "indicated" the ship would be able to lie "always afloat."

Decree affirmed.