## THE WILLIAM J. MORAN.
### No. 11857.

District Court, E. D. New York.
Feb. 4, 1936.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Charles E. Wythe, Sp. Asst. to U. S. Atty., of New York City, of counsel), for the United States.

Macklin, Brown, Lenahan & Speer, of New York City (Richard F. Lenahan, of New York City, of counsel), for claimant.

MOSCOWITZ, District Judge.

This is a motion for an order limiting the amount of interest upon the item of damages in an admiralty suit.

A collision occurred between the United States steamship Eagle No. 55 and the tug William J. Moran on September 5, 1927. The libel was not filed against the William J. Moran until May 16, 1930. The answer of the William J. Moran was filed and the case reached trial in its regular order. An interlocutory decree was entered against the William J. Moran on

August 19, 1931. Nothing was done by the libelant from August 19, 1931, until the United States attorney on June 15, 1932, replied to the communication received from the William J. Moran's proctor, dated June 14, 1932. In the letter of June 14th, the United States attorney's attention was called to the fact that the decree had been entered on August 19, 1931. The letter is as follows:

"An interlocutory decree in the above suit was entered on August 19, 1931 but to date you have taken no steps to either agree upon or prove the damages sustained to the Eagle boat No. 55.

"This is to give you notice that we will object to interest on account of the delay on your part, and further request that you either take up the damages with us or proceed to a reference in order that we may close our file."

The United States attorney's reply is as follows:

"I have your letter of the 14th instant in the above entitled matter, the contents of which have been duly noted, and shall be glad to take up with you the question of adjustment of damages in this matter as soon as the pressure of other cases permits.

"Any further delay is regretted, but under the present circumstances in this office it is impossible for me to proceed immediately."

It will be noted that in the letter of June 14, 1932, the William J. Moran's proctor called attention to the fact that they would object to any interest on account of libelant's delay.

Apparently nothing further was done by the proctor for the libelant until January 9, 1933, about one year and five months after the interlocutory decree was entered. On January 9, 1933, the proctor for the libelant wrote to the proctor for the William J. Moran, setting forth the damages as claimed by the Navy Department as follows:

Cost of repairs made to "Eagle
Boat No. 55" including docking ...................... $4,217.87
Pay and subsistence of personnel necessary for care of the vessel during detention.............. 1,095.22
                                        ---------
   Totaling .................. $5,313.09

In April, 1933, the case was dismissed upon motion of the court for lack of prosecution. In October, 1933, an order was made vacating the order dismissing the libel.

The libelant should be penalized for its delay in prosecuting this action. The penalty should be loss of interest for a portion of the time. The courts have recognized this practice. The North Star (D. C.) 140 F. 263; The Fulton (C.C.A.) 54 F.(2d) 467, 1932 A.M.C. 232; Nockum, 1929 A.M.C. 1729; The James McWilliams (C.C.A.) 240 F. 951; The F. C. Pendleton (The North America) (D.C.) 24 F.(2d) 846, 1928 A.M.C. 659; and The Arpillao (C.C.A.) 270 F. 426.

The libelant should receive no interest from the date of the collision September 5, 1927, to May 16, 1930, when the libel was filed, and from August 19, 1931, when the interlocutory decree was entered, until October 13, 1933, when the order was made vacating the order dismissing the libel. Settle order on notice.