PENNSYLVANIA R. CO. v. THE BU-
CHANAN BOYS et al.

THE P. R. R. NO. 274.

No. 294.

Circuit Court of Appeals, Second Circuit.
May 31, 1946.

John J. Bennett, Corp. Counsel for the City of New York, of New York City (Edwin M. Bourke, of New York City, of counsel), for respondent-appellant.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and William S. Stuhr, Jr., both of New York City, of counsel), for libellant-appellee The Pennsylvania Railroad Company.

Hagen & Eidenbach, of New York City (Nelson J. Johnson, of New York City, of counsel), for Bronx Towing Line, Inc., claimant-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The libellant, Pennsylvania Railroad Company, brought suit against the tug Buchanan Boys and the City of New York to recover damages due to the alleged negligence of each in connection with the passage of the lighter in tow of the Buchanan Boys through the drawbridge maintained by the City across the Harlem River at Willis Avenue.

The City of New York has appealed from a decree of the District Court holding it solely liable for negligence in opening the drawbridge toward the on-coming tug and lighter and in failing to keep the fender of the bridge abutment in proper condition. As a result of the foregoing acts of negligence the lighter was found to have been damaged in attempting to pass through the draw.

There can be no doubt that the decision turned on disputed questions of fact and that the trial court cannot be said to have made findings that were clearly erroneous but were, on the other hand, substantially supported when it determined that the bridge operator of the City was negligent in opening the draw toward the on-coming tow and that the City was negligent in allowing the fender piling to disintegrate so that the lighter was injured in coming in contact with a stone abutment of the bridge.

The principal criticism by the City of New York of the result reached by the trial court is based on the exclusion by the latter of the so-called report of the accident by the master of the tug Buchanan Boys. Had it been admitted, we do not see that the result reached by the trial court would have been different. It is true that the report did not say that the bridge was swinging toward the on-coming tow. But if it was a correct version the tug captain did say that "due to the strong flood tide, I knew it would be impossible for me to round to if the bridge did not open in time." Such an impossibility might have existed whether the bridge opened toward the tug and lighter, or delayed opening and finally opened away from them, provided the delay in opening was sufficient to make it dangerous to move through the Manhattan opening in the draw. In other words, the direction in which it opened, which did not appear in the statement, would not necessarily have affected the tug's navigation. The conclusion that the failure to open promptly (in whatever direction) caused the tug to drift down broadside and bring the lighter against the stone abutment was expressly stated in the report which ended by saying: "The Lighter I had in tow sustained damage to the starboard side, which would not have happened, if the piling was in good condition, and let us fetch up against the piling instead of against the stone abutment."

Moreover it is quite plain from the foregoing that the captain's report, if admitted, would not have required an exoneration of the City for another reason, for it would have directly substantiated the negligence the court found to exist in failing to maintain the fender piling in proper condition —a neglect which proved to be the final cause of the damage to the lighter. Southern Transp. Co. v. Philadelphia B. & W. R. Co., D.C., 196 F. 548, affirmed 4 Cir., 205 F. 732; City of Milwaukee v. Kensington S. S. Co., 7 Cir., 199 F. 109.

Aside from the foregoing considerations, the admissibility of the report was a preliminary question involving the exercise of discretion on the part of the trial judge—a discretion which in this case we think was not abused. The witness Buchanan, president of the Bronx Towing Line, the owner and claimant of the Tug Buchanan Boys, furnished the Pennsylvania Railroad, at its request, with what purported to be an account of the accident by the master of the tug. After the accident occurred the tugmaster suffered a cardiac thrombosis and was dangerously ill at his home. In order to comply with the libellant's request Buchanan asked the master's daughter, who had at one time been a stenographer in Buchanan's office, to get a statement from her father of what had occurred. As a result she appears to have listened to her father's version of the accident and to have typed and mailed to Buchanan the report which we have referred to. This report was marked for identification at the trial but was excluded as evidence when it was offered by the City of New York. Previous to the trial the master died and his daughter—who made out the report—was not called to testify as to the condition of her father at the time when the statement was taken, as to just what he said to her, or as to the accuracy of her report, though she was available as

a witness and the proctor for the claimant had had no opportunity to cross-examine her and objected to the statement offered on the ground that no proper foundation had been laid for its introduction. We cannot say that the exclusion of such a document, unverified by the person who took it, and unsigned by the master, was beyond the discretion of the court, or that under such circumstances the paper should have been allowed in evidence either as an admission by the master or as a record made in the course of business.

Decree affirmed.