274 F.2d 314
 TEXAS COMPANY, as owner of THE Barge TEXACO 379, Libelant-Appellee,
v.
THE Tug MARGARET A. MORAN and Moran Towing & Transportation Co., Inc., Respondents-Appellants (CONNERS-STANDARD MARINE CORPORATION, Respondent-Impleaded Appellant).
 No. 138.
 Docket 25769.
 United States Court of Appeals Second Circuit.
 Argued January 12, 1960.
 Decided February 2, 1960.
 
 Robert A. Feltner, New York City (Burlingham, Hupper & Kennedy, Eugene Underwood, and David L. Auerbach, New York City, on the brief), for Moran Towing & Transp. Co.
 Vincent A. Catoggio, New York City (Purdy, Lamb & Catoggio, New York City, on the brief), for Conners-Standard Marine Corp.
 Albert Robin, New York City (Pyne, Brush, Smith & Michelsen, and Joseph M. Brush, New York City, on the brief), for Texas Co.
 Before CLARK, HINCKS and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Texas Company was successful below in these consolidated libels brought against Moran Towing & Transportation Co., Inc., for damages to its barge allegedly resulting from two different occasions of negligent towage on the New York State Barge Canal. Moran, a time charterer of the tug, was granted indemnification on its impleader petition against Conners-Standard Marine Corporation, the owner and operator of the tug. D.C.S.D.N.Y., 175 F.Supp. 375.
 
 
 2
 The respondents' principal claim for reversal is that Judge Murphy erred in holding that the libels, which were filed three months and six months, respectively, after the New York three-year statute of limitations for negligence had run, were not barred by laches. Judge Murphy, holding that the suit was, at least for time limitation purposes, one ex delicto rather than ex contractu for breach of an implied warranty of workmanlike performance of the towage contract, quite properly permitted the libelant to amend its pleadings to include the proof that it offered tending to show that the respondents were not prejudiced by the late filing. Gilmore & Black, The Law of Admiralty, § 9-81. We need not consider libelant's alternative claim that its libels are governed by the New York six-year statute of limitations. For Judge Murphy, while recognizing that it was incumbent on the libelant to prove facts negating laches, Gilmore & Black, supra, Redman v. United States, 2 Cir., 176 F.2d 713, Redman v. United Fruit Co., 2 Cir., 185 F.2d 553,[1] properly found, primarily on the basis of correspondence passing between libelant's insurance brokers and Moran with copies to Conners,[2] that the respondents were not prejudiced. Todd Shipyards Corp. v. Moran Towing & Transportation Co., 2 Cir., 247 F.2d 626, Virginia Shipbuilding Corporation v. United States Shipping Board E. F. Corp., D.C.E.D.Va., 11 F.2d 156. We find that the equities of the parties were fully considered and that the discretion of the trial court was reasonably exercised. Gardner v. Panama R. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31; Czaplicki v. The Hoegh Silvercloud, supra.
 
 
 3
 The suggestion, that there is no legally admissible evidence supporting the finding of negligence in the operation and navigation of the tug, is without merit. The respondents overlook the room for a proper inference that accidents such as these — striking a lock wall and grounding outside the Canal channel — arising during the routine navigation of the tug, without intervention of other craft or of third parties, would not occur absent negligence.
 
 
 4
 Lastly, the respondents claim that certain accident reports and notes of protest filed by the master of the barge were improperly received. It is not necessary now to decide whether this material was admissible under 28 U.S.C.A. § 1732, or under the liberal practice of the admiralty courts. See, e. g., The Rosalia, 2 Cir., 264 F. 285; Pennsylvania R. Co. v. Downer Towing Corporation, 2 Cir., 11 F.2d 466; The Denny, 3 Cir., 127 F.2d 404; cf. Pennsylvania R. Co. v. The Buchanan Boys, 2 Cir., 155 F.2d 585; Benedict on Admiralty, 6th Edition, 1940, Vol. 3, § 381(b); Wigmore on Evidence, 3rd Edition, 1940, Vol. 1, § 4d. For the meager content of the reports was such that, especially in view of the entire evidence, it could not possibly have been prejudicial.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Cf. Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 534, 76 S.Ct. 946, 100 L.Ed. 1387
 
 
 [2]
 There was no comparable factor in Redman v. United Fruit Co., supra