John P. FLANAGAN, Libellant,

v.

THE Scow H. F. GILLIGAN, New York Trap Rock Corporation,

and

THE Tug BOSTON and Red Star Towing & Transportation Co., Inc., Respondents.

United States District Court
S. D. New York.
Jan. 29, 1958.

Harry Ruderman and Henry Isaacson, New York City, for libellant.

Foley & Martin, New York City, for respondent Red Star Towing & Transportation Co., Inc.

EDELSTEIN, District Judge.

The Red Star Towing and Transportation Co., Inc., as respondent and as claimant of the tug Boston, excepts to the amended libel on the ground that the cause of action alleging a seaman's injury to have occurred on December 14, 1953, is barred by laches, the amended libel joining the named respondent having issued on September 17, 1957.

If the cause of action were grounded solely in negligence, the analogous statute of limitations to be applied in determining the issue of laches is § 49(6) of the New York Civil Practice Act, which provides that an action to recover damages for personal injury resulting from negligence must be commenced within three years after the cause of action has accrued. Redman v. United States, 2 Cir., 176 F.2d 713. Inasmuch as more than three years have elapsed, the exception to the libel would be sustained and a dismissal ordered unless an amended libel were filed and served pleading facts showing special

circumstances excusing the delay. However, where the cause of action is based upon a claim of unseaworthiness as well as upon a claim of negligence, the analogous statute of limitations is the six-year statute, § 48(3) of the C.P.A. Le Gate v. The Panamolga, 2 Cir., 221 F.2d 689. Inasmuch as six years have not elapsed, the burden would be upon the respondent to show inexcusable delay in filing the suit, with resulting prejudice to it.

The issue here presented is whether the libel against the added respondent states a claim based upon unseaworthiness. The libel was originally issued against the scow H. F. Gilligan and New York Trap Rock Corporation, presumably as owner and operator, based upon allegations of negligence and unseaworthiness. The amended libel simply added the allegation: "That at all times hereinafter mentioned, the respondent, Red Star Towing Corporation, was and still is a corporation duly licensed to do business in the State of New York and having an office and place of business in the Borough of Manhattan, City and State of New York." The remainder of the allegations in the libel remain unchanged (including a cause of action for maintenance and cure, which certainly does not lie against the added respondent), except to refer to the plural of "respondent" in the paragraph setting forth the basis for negligence and unseaworthiness. Libellant alleges that he was employed by the New York Trap Rock Corporation as a scow captain, that in the course of his duties aboard the scow H. F. Gilligan he suffered injuries on December 14, 1953, that the vessel was unseaworthy and that he was injured by reason of the unseaworthiness of the vessel. Only in the caption of the case is the tug Boston mentioned.

From a reading of the libel I am at a loss to determine any basis for a claim for unseaworthiness against the added respondent. By the bare recitals it would appear that this respondent is in no way associated with the alleged un-seaworthiness of the scow Gilligan. It may be gathered from the libel that the New York Trap Rock Corporation is the owner and operator of the scow, but there is no relationship alleged between the scow and the Red Star Towing & Transportation Co., Inc. (nor, for that matter, is there even an allegation that the added respondent was the owner or operator of the tug Boston).

The exception to the libel will be sustained and dismissal ordered on the basis of Redman v. United States, supra, with leave to file an amended libel pleading facts showing special circumstances excusing the delay, or in the alternative, with leave to file an amended libel setting forth a claim against the added respondent based upon unseaworthiness.