■ SVERRE JOHNSEN, Appellant, v. McALLISTER LIGHTERAGE LINES, INC., Defendant, and McALLISTER BROTHERS, INC., Respondent.— In an action to recover damages for personal injuries, the appeal is from an order dismissing the amended complaint as time-barred. (Rules Civ. Prac., rule 107, subd. 5). Order reversed, with $10 costs and disbursements, and motion denied, with leave to respondent to answer within 10 days after the entry of the order hereon. Appellant was a dockbuilder in the employ of Merritt Chapman & Scott Corp. On November 10, 1953 a derrick barge owned by his employer was being moved in the East River by a tugboat owned by McAllister Lighterage Lines, Inc., and operated by respondent McAllister Brothers, Inc., under an oral bareboat charter. Appellant was on the tugboat in connection with his work for his employer; while there, he was struck by a hawser, sustaining injuries. A year later, he sued McAllister

Lighterage, believing that it owned and operated the tugboat. The latter's answer admitted ownership but denied possession and control. In October, 1957 appellant had a pretrial examination and then learned that the tugboat had been chartered to respondent. In January, 1958 (four years after the accident), appellant moved to join respondent as a party defendant; that motion was granted with leave to respondent to plead the Statute of Limitations as a defense. Appellant served respondent with a supplemental summons and an amended complaint, alleging negligence and failure to furnish a seaworthy vessel. Before answering, respondent moved to dismiss the amended complaint as time-barred; the motion was granted by the Special Term, and this appeal followed. Insofar as the action is based on negligence, it comes within the three-year Statute of Limitations in subdivision 6 of section 49 of the Civil Practice Act and is barred as against respondent (*Mazzella* v. *Pittston Stevedoring Corp.*, 285 App. Div. 1181). Insofar as it is based on breach of the warranty of seaworthiness, it is governed by the six-year Statute of Limitations in subdivision 3 of section 48 of the Civil Practice Act (*Le Gate* v. *Panamolga*, 221 F. 2d 689; *Flanagan* v. *Gilligan*, 158 F. Supp. 393; *May* v. *Steel Navigator*, 152 F. Supp. 254; cf. *Blessington* v. *McCrory Stores Corp.*, 305 N. Y. 140), since (1) liability for unseaworthiness is "a species of liability without fault" (*Seas Shipping Co.* v. *Sieracki*, 328 U. S. 85, 94) and consequently is different from liability for negligence (*Le Gate* v. *Panamolga, supra*), (2) the warranty of seaworthiness inures to the benefit of all who perform "the ship's service" with the shipowner's consent or by his arrangement, even though they are not in his employ and have no contractual privity with him (*Seas Shipping Co.* v. *Sieracki, supra*, pp. 95–97; *Pope & Talbot* v. *Hawn*, 346 U. S. 406; *The Tungas* v. *Skovgaard*, 358 U. S. 588), and (3) the question whether the injured worker was performing the "ship's service" depends not on his title but on the nature of the work he was doing at the time of the accident (*Pope & Talbot* v. *Hawn, supra*). The actual nature of the work being done by appellant at the time of the accident does not appear in the amended complaint. Hence, we cannot say, as a matter of law, that he was not within the class protected by the warranty of seaworthiness. The determination whether he was or was not within that class can be made only at the trial when the facts are developed. If the facts establish that he was performing the "ship's service", he will be entitled to the benefit of the warranty of seaworthiness, and his action, to that extent, will not be time-barred. If, however, the facts establish that he was not performing the "ship's service", he will not be entitled to the protection of that warranty and consequently would not be entitled to recover for its breach. In that event, he would be left only with his claim based on negligence, and that claim would be time-barred. Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.