**John SCOTT, Plaintiff,**

v.

**UNITED FRUIT COMPANY, Defendant.**

United States District Court
S. D. New York.
June 1, 1961.

Simone N. Gazan, New York City, for plaintiff.

Thomas H. Walker, New York City, for defendant. James A. Murphy, New York City, of counsel.

METZNER, District Judge.

This is an action to recover for personal injuries based on negligence and unseaworthiness. Plaintiff, a merchant seaman, was injured in the territorial waters of California on March 8, 1955, while a member of the crew of defendant's steamship Cibao. The suit was originally brought in the District Court of Maryland on April 28, 1958, but was dismissed without prejudice in March of 1960. The present suit was commenced March 3, 1961, 24 days short of 6 years after the cause of action accrued. Defendant has moved, pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint on the ground that the action is barred by the statute of limitations and laches.

■■ Plaintiff in his complaint denotes the action as "a cause of action both civil and maritime to recover damages for unseaworthiness and for negligence" and alleges diversity of citizenship. It is not clear upon what statutory basis plaintiff relies in his second count sounding in negligence. Any claim plaintiff has under the Jones Act is clearly barred by the three-year statute of limitations. 45 U.S.C.A. § 56 and 46 U.S.C.A. § 688; McAllister v. Magnolia Petro. Co., 1958, 357 U.S. 221, 225, 78 S.Ct. 1201, 2 L.Ed.2d 1272. The second count in plaintiff's complaint, however, can be read as asserting a claim for negligence arising out of the general maritime law. Cf. Oroz v. American President Lines, Ltd., 2 Cir., 1958, 259 F.2d 636. As such, this claim as well as the unseaworthiness claim is subject to the admiralty doctrine of laches. Le Gate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689.

■ A suit is barred by laches only when there has been both inexcusable delay in its filing and consequent prejudice to the party against whom the claim is asserted. Cf. Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525; Claussen v. Mene Grande Oil Co., C.A., 3 Cir., 1960, 275 F.2d 108.

■ In determining whether a maritime claim is barred by laches, the local statutory period of limitation applicable to analogous actions at law is resorted to as a "rule of thumb." If the statute has run, prejudice by reason of inexcusable delay is presumed in the absence of a showing to the contrary; if it has not run, the converse is inferred. Oroz v. American President Lines, Ltd., supra, 259 F.2d at page 639. Murphy v. A/S Sobral, D.C.S.D. N.Y.1960, 187 F.Supp. 163. When both maritime claims are pleaded together, the principles involved in the doctrine of laches require that the rules not be mechanically applied and that the longer period of limitation apply to both. Le Gate v. The Panamolga, supra, 229 F.2d at page 691. Cf. McAllister v. Magnolia Petro. Co., supra.

■ Under Section 13 of the New York Civil Practice Act a suit by a nonresident of New York·on a cause of action arising without the state is barred if either the New York statute or the statute of the state where the cause of action has accrued has run. Smalley v. Hutcheon, 1946, 296 N.Y. 68, 70 N.E.2d 161. The applicable New York statute of limitations is 6 years under Section 48, subd. 3 of the New York Civil Practice Act. Le Gate v. The Panamolga, supra, 229 F.2d at page 691. Under any of the analogous statutes of limitations of the California Code of Civil Procedure, the claims would be time-barred. Cf. California Code of Civil Procedure, § 337 (four-year limitation), § 339 (two-year limitation) and § 340 (one-year limitation). Cf. also Cresci v. Standard Fisheries, D.C.N.D.Cal.1925, 7 F.2d 378; The Tulsagas, 1931, A.M.C. 922; Rubino v. Utah Canning Co., 1st District, 1954, 123 Cal.App.2d 18, 266 P.2d 163; Zellmer v. Acme Brewing Co., 9 Cir., 1950, 184 F.2d 940.

Nevertheless, the presumption of prejudice to the defendant created by the plaintiff's delay in not bringing the action within the California statute of limitations is rebutted by the facts of this case. Defendant, in its moving papers, includes a photostatic copy of an accident report dated the day after the accident. As plaintiff points out, this accident report indicates the names of two witnesses (and the address of one of them) as well as a description of the accident. Plaintiff also quotes from an "investigation report" by defendant's chief steward, which is favorable to the defendant and which the plaintiff agrees to stipulate to if the chief steward is unavailable for trial. No claim is made by the defendant that any witness is unavailable. In addition, defendant has not been "surprised" by the bringing of this suit almost 6 years after the accident, since it had notice of the suit when it was brought in mid-1958 in Maryland. In fact, that suit was dismissed without prejudice on the understanding that it was going to be brought in New York. In light of these facts, it would seem that the defendant's claim of prejudice from the delay is more formal than real.

Motion is denied. So ordered.