John DOHERTY, Plaintiff,

v.

FEDERAL STEVEDORING CO., Inc. and Sealand Dock & Terminal Corp., Defendants.

United States District Court
S. D. New York.

June 21, 1961.

Kenneth Heller, New York City, for plaintiff. Donald S. Sherwood, New York City, of counsel.

Monica & Feury, New York City, for defendants. Joseph P. Feury, Thomas H. Healey, New York City, of counsel.

LEVET, District Judge.

Defendants Federal Stevedoring Co., Inc. (hereafter "Federal") and Sealand Dock & Terminal Corp. (hereafter "Sealand") move for an order pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., striking the amended complaint herein and dismissing the action for failure to state a claim upon which relief can be granted.

In the amended complaint, entitled a "Seaman's Action," plaintiff alleges jurisdiction because of the subject matter and diversity of citizenship, and further alleges that the action is brought under the General Maritime Law of the United States.

The amended complaint states that plaintiff was a seaman employed as a "shoreside sailor" on board the S.S. Santa Ana and that defendants "controlled" the No. 3 hatch on said vessel. Plaintiff alleges that on April 4, 1958, while engaged in a task on board said vessel, which he had been instructed to do by his employer (not identified) "under and by authority of the Master and/or owners of the aforesaid vessel," he was injured solely by the negligence of the defendants in failing to furnish plaintiff with a safe place to work. Defendants' negligence is said to have consisted of their "creating, permitting and/or acquiescing in the creation of an unsafe, improper and inadequately lighted area in the vessel"; and that the defendants "caused and/or permitted and/or acquiesced in the creation of an unseaworthy and unsafe area."

The complaint unfortunately stands as a model of inartistic draftsmanship. It has not been signed by plaintiff's attorney as required by Rule 11, Federal Rules of Civil Procedure, Title 28 U.S. C.A. There is no indication therein by whom plaintiff was employed at the time

of the alleged accident, the nature of plaintiff's work, or the causal relationship between defendants' control of the No. 3 hatch and the injuries complained of.

Paragraphs Ninth and Tenth assert a claim of injury on the ground of defendants' negligence, the nature of which however, is not clearly delineated. Paragraph Eleventh purports to hold defendants liable for their part in rendering an area of the Santa Ana unseaworthy. Again, the relationship of the plaintiff to the defendants is not elucidated, nor that of the defendants to the vessel in question.

The lacuna is partially filled in by the opposing affidavit of plaintiff's attorney. It appears that plaintiff was employed as a ship maintenance worker in the No. 3 hatch of the Santa Ana, owned and operated by Grace Line, Inc.[1] Defendants Federal and Sealand are described as stevedore contractors engaged in loading operations on said vessel. The affidavit further asserts that defendants' employees had stowed a cargo of steel bridge girders in the hold in such a manner as to create an unseaworthy condition. Plaintiff is said to have been injured when he fell into a gap between the improperly stowed girders.

I. Claim Based on Unseaworthiness

Plaintiff, as mentioned previously, seeks to hold the defendants liable on the grounds of maritime negligence and unseaworthiness. Defendants maintain that a claim predicated on unseaworthiness cannot properly be asserted against them since only a shipowner owes a warranty of unseaworthiness to those aboard his vessel. Plaintiff argues that since the defendant stevedore companies created the unseaworthy condition complained of, they should not be insulated from liability merely because they are not the owners or operators of the vessel in question. In effect, plaintiff advocates a novel extension of maritime law so as to

1. In his memorandum, counsel for plaintiff finally identifies the plaintiff's employer at the time of his injury as the Monti Marine Maintenance Company. See Memorandum of plaintiff, p. 1.

impose direct "liability for unseaworthiness upon the stevedoring contractor in possession and control of equipment and the work area." Memorandum of plaintiff, p. 11.

The shipowner's liability for injuries sustained as a result of the unseaworthiness of his vessel is referred to in the oft-cited proposition of Mr. Justice Brown in The Osceola, 1903, 189 U.S. 158, 175, 23 S.Ct. 483, 487, 47 L.Ed. 760:

> "That the vessel and her owner are, both by English and American law, liable to an indemnity for injuries received by seamen in consequence of the unseaworthiness of the ship, or a failure to supply and keep in order the proper appliances appurtenant to the ship."

See also Mitchell v. Trawler Racer, Inc., 1960, 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed. 2d 941; Mahnich v. Southern S.S. Co., 1944, 321 U.S. 96, 99–101, 64 S.Ct. 455, 88 L.Ed. 561; Socony-Vacuum Oil Co. v. Smith, 1939, 305 U.S. 424, 428–429, 59 S.Ct. 262, 83 L.Ed. 265. The protective scope of seaworthiness was broadened to embrace stevedores and longshoremen performing seamen's work in Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, where the Supreme Court observed:

> " * * * Nor does it follow from the fact that the stevedore gains protection against his employer appropriate to the employment relation as such, that he loses or never acquires against the shipowner the protections, not peculiar to that relation, which the law imposes as incidental to the performance of that service. *Among these is the obligation of seaworthiness. It is peculiarly and exclusively the obligation of the owner. It is one he cannot delegate.*" 328 U.S., at page 100, 66 S.Ct. at page 880. (Emphasis supplied.)

■ Hence, the shipowner's obligation under maritime law to furnish a seaworthy vessel is absolute and nondelegable, "a species of liability without

fault." Seas Shipping Co. v. Sieracki, supra, 328 U.S. at page 94, 66 S.Ct. at page 877. "[L]iability follows for any injuries caused by breach of the obligation." The H. A. Scandrett, 1937, 2 Cir., 87 F.2d 708, 711. See also Mahnich v. Southern S.S. Co., supra, 321 U.S. at page 100, 64 S.Ct. at page 457.

■ A ship may be unseaworthy because of improper stowage, Palazzo v. Pan-Atlantic S.S. Corp., 2 Cir., 1954, 211 F.2d 277, affirmed sub nom. Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, for there is a duty to provide a seaworthy vessel "reasonably fit in hull, gear and stowage * * *." Rich v. Ellerman & Bucknall S.S. Co., 2 Cir., 1960, 278 F.2d 704, 707, citing Grillea v. United States, 2 Cir., 232 F.2d 919, 923. The Court of Appeals noted in the Rich case, supra, 278 F.2d at page 707:

> "If there was in fact a dangerous working platform endangering longshoremen in plaintiff's situation, which caused plaintiff's injuries, the shipowner was liable regardless of notice *and regardless of the fact that the dangerous condition was created by another.*" (Emphasis supplied.)

This principle was reiterated in Carabellese v. Naviera Aznar, S.A., 2 Cir., 1960, 285 F.2d 355, 359. See also Amador v. A/S J. Ludwig Mowinckels Rederi, 2 Cir., 1955, 224 F.2d 437, certiorari denied 350 U.S. 901, 76 S.Ct. 179, 100 L.Ed. 791; Gindville v. American-Hawaiian S.S. Co., 3 Cir., 1955, 224 F.2d 746.

In view of the absolute liability imposed by the doctrine of unseaworthiness, courts have accordingly recognized the shipowner's right to recover over against third parties, such as stevedoring companies, responsible for bringing into play the unseaworthy condition complained of. See Crumady v. The J. H. Fisser, 1959, 358 U.S. 423, 429, 79 S.Ct. 445, 3 L.Ed.2d 413; Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. See also Waterman S.S. Corp. v. Dugan & McNamara,

Inc., 1960, 364 U.S. 421, 81 S.Ct. 200, 5 L.Ed.2d 169.

It is therefore abundantly clear from the cases that the obligation of seaworthiness is exclusively that of the shipowner. In thus proceeding directly against the instant defendants, charged with being responsible for bringing the unseaworthy condition into play, plaintiff seeks a relief which is legally incompatible with the particular remedy pursued. The proposed expansion of the duty imposed by this unique form of liability without fault to persons other than the shipowner, despite its possible merits, does not represent prevailing law on the matter.

Consequently, the claim against Federal and Sealand, who are not alleged to be owners or operators of the Santa Ana, predicated on unseaworthiness must perforce fall for failure to state a claim upon which relief can be granted.

## II. Laches

Defendants further object to the instant action based on negligence on the ground of laches, pointing out that they were impleaded on November 19, 1958, in an action brought in this court by plaintiff against Grace Line, Inc., owner and operator of the Santa Ana, for the same occurrence alleged in the complaint sub judice. See Civ. 138–68. Federal and Sealand contend they have been prejudiced by plaintiff's delay of almost three years in instituting the present suit in that they cannot move for a consolidation since the case at bar is not ready for trial, for "having been lulled into a belief that its [sic] responsibilities were measured by its [sic] contract, its [sic] trial preparation in this action must be expanded." See Affidavit of Joseph P. Feury, p. 2. If consolidation is not effected, defendants charge, plaintiff would be "assured of a second try on the same accident to the detriment of these defendants." See Affidavit of Joseph P. Feury, pp. 2–3.

■■ Since the present action was instituted in this district, the analogous limitation statute, usually a general yardstick of laches, is that of New York. Le Gate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689, 690, and cases cited therein. Once this analogous period of limitation is shown to have run, it is incumbent upon plaintiff to excuse his delay in filing suit by showing special circumstances. Reconstruction Finance Corp. v. Harrisons & Crosfield, Ltd., 2 Cir., 1953, 204 F.2d 366, 370, 37 A.L.R.2d 1117; Redman v. United States, 2 Cir., 1949, 176 F.2d 713, 715. See also Le Gate v. The Panamolga, supra, 221 F.2d at page 690.

Section 49, subd. 6 of the New York Civil Practice Act provides that an action to recover for personal injuries resulting from negligence must be commenced within three years after the cause of action has accrued. From the face of the complaint, it is evident that plaintiff's claim for injuries allegedly sustained on April 4, 1958 as a result of defendants' negligence would be barred under the New York statute, the present action not having been commenced until May 12, 1961.

Plaintiff's failure to bring this action within the analogous statutory period gives rise, moreover, to the presumption of inexcusable delay and prejudice to the defendants. Oroz v. American President Lines, Ltd., 2 Cir., 1958, 259 F.2d 636, 639; Murphy v. A/S Sobral, D.C.S.D. N.Y., 1960, 187 F.Supp. 163. It is thus for plaintiff to prove that the defendants were not prejudiced by the late filing. See Texas Company v. The Margaret A. Moran, 2 Cir., 1960, 274 F.2d 314, 315; Gilmore & Black, Law of Admiralty § 9–81 (1957). Hence, unless plaintiff showed facts excusing the delay, his claim should be barred here. Redman v. United States, supra, 176 F.2d at page 715.

Plaintiff's counsel contends in his affidavit and in his brief that, even conceding the delay, defendants have not thereby been prejudiced since they were impleaded by Grace Line, Inc. on November 19, 1958 in plaintiff's action against that defendant and were present at the taking of plaintiff's deposition by Grace Line. Plaintiff, it is pointed out, has

served and filed answers to interrogatories propounded to him in that action, which are likewise available. It is also asserted that Federal and Sealand have conducted depositions, including that of the ship's captain, and have held other proceedings between themselves in connection with the impleader by Grace Line.

Counsel for plaintiff also maintains that laches should not apply because plaintiff's physical and mental condition were such as to effectively disable him from cooperating with his attorney in the prosecution of this action and necessitated plaintiff's confinement to a New Jersey State Hospital in July and August, 1960, and continuously from September 1960 to April 28, 1961.

■ However, these facts explaining the delay in instituting the present suit have not been set forth in the pleadings, but, rather, in the opposing affidavit submitted by plaintiff's counsel and in the latter's brief. These and other pertinent facts should be pleaded in the complaint itself as showing those mitigating circumstances which would serve to preclude application of laches.

■ It is fundamental, furthermore, that on a motion to dismiss the complaint under Rule 12(b) (6), the court ought to consider only the pleading and should disregard affidavits which have been filed. Holmberg v. Williamson, D.C.S.D.N.Y., 1955, 135 F.Supp. 493, 494, 495; Young v. First Nat. Bank of Chicago, D.C.N.D. Ill., E.D., 1949, 85 F.Supp. 68, 74. See also Gottesman v. General Motors Corp., D.C.S.D.N.Y., 1959, 171 F.Supp. 661, 663.

Nevertheless, despite this consideration, the court is "not disposed * * * to mechanically apply the analogous statutes of limitations without regard to the equities." Le Gate v. The Panamolga, supra, 221 F.2d at page 691. See also Gardner v. Panama Railroad Co., 1951, 342 U.S. 29, 30–31, 72 S.Ct. 12, 96 L.Ed. 31; Oroz v. American President Lines, Ltd., 2 Cir., 1958, 259 F.2d 636, 640.

Consequently, plaintiff's motion to dismiss the complaint is granted without prejudice. Plaintiff is granted leave to file an amended complaint, signed by his attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure, properly setting forth those allegations supporting a claim for negligence and omitting any purported claim against Federal and Sealand on the ground of the unseaworthiness of the Santa Ana. Also to be pleaded therein are those facts showing circumstances excusing the delay in filing the action based on negligence. See La Gate v. The Panamolga, supra, 221 F.2d 689.

Settle order on notice.