Joseph AMATO, Plaintiff,

v.

CIE MARITIME BELGE (LLOYD ROYAL) S.A. and Agence Maritime Internationale S.A., Defendants.

No. 62C43.

United States District Court
E. D. New York.
Jan. 4, 1963.

Nicholas Scibilia, Brooklyn, N. Y., for plaintiff.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for defendants, Robert S. Blanc, Jr., New York City, of counsel.

ZAVATT, Chief Judge.

The plaintiff, a longshoreman, alleges that he was injured in an accident on board the M/V Lubilash on August 11, 1956, while berthed at Pier 14, North River, New York, N. Y. The complaint was not served until January 16, 1962, almost five and a half years after the accident allegedly occurred. The defendant, Cie Maritime Belge, now moves to dismiss the complaint on the ground that the claim is barred by the New York State three year tort statute of limitations, New York Civil Practice Act § 49 (6), and consequently by laches.

The complaint alleges that liability exists because of the defendant's negligence and because of its breach of the warranty of seaworthiness. Since claims of liability for negligence arising out of the general maritime law, even though asserted beyond the limitation period, may be joined with an unseaworthiness claim timely commenced, Oroz v. American President Lines, Ltd., 259 F.2d 636, 638 (2d Cir., 1958); Le Gate v. The Panamolga, 221 F.2d 689 (2d Cir., 1955), the court will consider only the timeliness of the unseaworthiness claim. There is no federal statute of limitations as to actions based upon the general maritime law. Thus if the claim had been brought in admiralty the proper limitation would have been laches. Here, however, the suit is on the civil side of the federal court under the savings clause, 28 U.S.C. § 1333, which permits vindication of maritime rights through other remedies. Since the application of different time bars on different sides of the federal court is at variance with the sound administration of the maritime law the proper measure of the time within which suit must be commenced is the admiralty doctrine of laches, not a local statute of limitations. Oroz v. American President Lines, Ltd., supra. It is well settled, however, that, although laches is the proper measure of limitation, courts of admiralty, in deciding whether or not maritime claims are barred by laches, will use local limitation statutes as a guide in determining the presence or absence of inexcusable delay and attendant prejudice to the opposing party. If the pertinent statute has run, prejudice by reason of inexcusable delay is presumed; if it has not, the converse is presumed. Oroz v. American President Lines, Ltd., supra, and cases therein cited.

The injury occurred in New York State and it is to the pertinent New York statute of limitations that the court must look. While the view in other jurisdictions is that the tort statute of limitations is the guide, see Oroz v. American President Lines, Ltd., supra; Dawson v. Fernley & Eger, 196 F.Supp. 816 (E.D. Va.1961), in this Circuit as to personal injury maritime claims arising in New York State our courts look to the New York statute of limitations applicable to claims grounded in breach of contract as the guide, because when a personal injury maritime case, based upon unseaworthiness, is instituted in a New York State court that court applies its six year statute of limitations applicable to contract cases. New York Civil Practice Act § 48(3); Johnsen v. McAllister Lighterage Lines, Inc., 8 A.D.2d 831, 190 N.Y. S.2d 117 (2d Dep't 1959); Le Gate v. The Panamolga, supra; Doherty v. Federal Stevedoring Co., 198 F.Supp. 191 (S.D.N.Y.1961); Scott v. United Fruit Co., 195 F.Supp. 278 (S.D.N.Y.1961); Murphy v. A/S Sobrol, 187 F.Supp. 163 (S.D.N.Y.1960); contra, Baez-Geigel v. American Foreign S. S. Corp., 171 F. Supp. 359 (S.D.N.Y.1959) decided three months prior to the decision of the New York Supreme Court, Appellate Division, Second Department in the Johnsen case.

Since the pertinent six year period had not run when this suit was commenced it must be presumed that the delay was excusable and that no prejudice has resulted, in the absence of a showing

to the contrary. While the ultimate determination of the existence of laches is within the trial court's discretion, Oroz v. American President Lines, Ltd., supra, the defendant has failed to make a showing that the delay was inexcusable and prejudicial. See Dawson v. Fernley & Eger, supra. Consequently the defendant's motion must be and is denied.

Settle an order consistent herewith on or before ten days from the date hereof.