Mario Pittoxi, J.
Motion to vacate the service of the summons and complaint upon the moving defendant, N. V. Beleco, a foreign corporation, on the ground that it is a foreign corporation which is not doing business in the State and is not subject to the jurisdiction of this court, is denied.
Section 302 (subd. [a], par. 1) of the Civil Practice Law and Rules, effective September 1, 1963, commonly known as “ a single-act statute ’ ’ is controlling. This is true, even though the cause of action accrued and the action commenced prior to *808 the effective date of the statute. This new statute, modeled upon the Illinois Civil Practice Act (§ 17) is designed to take advantage of the State's constitutional power to subject nonresidents to personal jurisdiction when they commit acts within the State. As stated in McGee v. International Life Ins. Co. (355 U. S. 220, 224), the leading case on single-act statutes, “ The statute was remedial, in the purest sense of that term, and neither enlarged nor impaired respondent’s substantive rights or obligations under the contract. It did nothing more than to provide petitioner with a * * * forum to enforce whatever substantive rights she might have against respondent.”
In accordance with this section (CPLB, § 302, subd. [a], par. 1) the “ court may exercise personal jurisdiction over any nondomiciliary * * * as to a cause of action arising from any of the acts enumerated * * * if, * * * through an agent, he: 1. transacts any business within the state ’ ’. (Emphasis supplied.)
Insofar as a nondomiciliary is concerned, and that includes a foreign corporation not licensed to do business in this State, it is clear that the transaction of business test, as set forth in the new statute, requires considerably less than the contacts required in this State under the doing business test of the former procedure.
After a hearing in this matter, I find as follows: that on April 14, 1963, and subsequent thereto, N. Y. Beleco was and is a foreign corporation, organized under the laws of Holland and not licensed to do business in the State of New York; that on April 14, 1963, and subsequent thereto, Bernard De Leeuw was and is a 50% stockholder, director and officer of N. Y. Beleco; that on April 14, 1963, Bernard De Leeuw, individually and on behalf of N. Y. Beleco, executed a contract in the State of New York for the purpose, inter alia, of acquiring certain shares of stock; that pursuant to this contract N. V. Beleco, through its agent Bernard De Leeuw, became the recipient of certain shares of stock and that as such recipient became obligated under certain terms of the contract; that the signing of this contract in New York, by Bernard De Leeuw on behalf of N. Y. Beleco, and the transfer of the stock, pursuant to the terms of the contract, to N. Y. Beleco were sufficient contacts within this State to constitute a transaction of business within the State, and finally that this action is based upon the contra' hereinabove mentioned.
I will not pass on this motion upon the substantive claim being made against N. V. Beleco. I do conclude, however, that the transaction of business as outlined above is sufficient to *809 predicate personal jurisdiction of this court upon N. V. Beleco in this action, which is based upon the business transacted.
This motion, therefore, to set aside the service of the summons and complaint is denied.