Mitchell D. Schweitzer, J.
This is a motion to set aside the service of a summons upon the president of a foreign corporation while he was in this State temporarily. The summons was served July 15, 1963 and the motion to set aside was made August 2, 1963.
On September 1, 1963 the Civil Practice Law and Rules went into effect. Among these new provisions was section 302 of the Civil Practice Law and Rules known as the “ single act statute ’ ’. Under said section, among other things, personal jurisdiction may now be acquired over a nondomiciliary as to causes of action arising out of transaction of any business by the defendant in New York. It cannot be disputed that the cause of action herein arises out of such transaction of business (CPLR 302).
The question is whether or not the new act should be retroactively applied. Such intention can be gleaned from section 10003 of the Civil Practice Law and Rules which provides for the application of the new Civil Practice Law and Rules to all further proceedings in pending actions, except to the extent that the court determines that such application to a particular pending action would not be feasible or would work injustice.
The courts of this State had jurisdiction of the subject matter of the action and no remedy was created save the procedural remedy relative to jurisdiction over the person. Retrospective application was reached by the Supreme Court of Illinois in interpreting section 17 (subd. 1, par. [a]) of the Illinois Civil *839 Practice Act which was the model for the New York statute. (See Nelson v. Miller, 11 Ill. 2d 378.) A similar conclusion was reached in Alvin Schachter, Inc. v. Adams & Co. (N. Y. L. J., Dec. 16, 1963, p. 12, col. 2) and Steele v. De Leeuw (40 Misc 2d 807).
Accordingly, the motion is denied.