Robert O. Brink, J.
This is a motion pursuant to CPLR 3211 (subd. [a], par. 8) in which the defendant, Sam Mulkey Company, moved for a judgment dismissing the complaint upon the ground that this court does not have jurisdiction over the person of the defendant. Plaintiff asserts jurisdiction on the ground that defendant was transacting business within the meaning of CPLR 302 (subd. [a], par. 1).
The motion was argued at Special Term and in chambers and thereafter, on February 7, 1966, a hearing was held pursuant to CPLR 3211 (subd. [c]). At this hearing, testimony was taken from Donald R. Bolton, the retailer who sold the merchandise in question, Cedric J ones, a partner in a firm which distributed defendant’s machines about the time the one in question was sold, and W. J. Swain, secretary-treasurer of Sam Mulkey Company. Regarding the testimony of Mr. Jones, it should be pointed out that Tudor & Jones, wholesalers of farm machinery, did not handle defendant’s products in April, 1956, the time the allegedly defective machine was sold. It appears that in the latter part of 1955, Sam Mulkey Company ceased distributing its products through Tudor & Jones and commenced distribution through J. S. Woodhouse Company, Inc. However, the period of transition is almost concurrent with the sale in question and the testimony of all witnesses, including Mr. Swain, is that, at least initially, the method of distribution remained almost identical. The testimony of Mr. Jones is, therefore, relevant to the question of whether or not defendant was transacting business in New York State at the time the sale was made.
The cause of action arises out of injuries sustained by plaintiff while using one of defendant’s hay elevators. The following facts were established at the hearing: the elevator in question was shipped directly into this State by defendant to J. S. Woodhouse Co., Inc.; that it was defendant’s practice not to ship these elevators through independent carriers but to truck them itself, using its agents, into this State. Although this practice ceased in 1956, it appears that it was carried on in the early months of that year; that defendant’s sales manager, Bob Monk, made it a practice, once or twice a year, to visit defend *746 ant’s wholesalers in this State; at these visits, he would solicit sales and negotiate oral agreements establishing exclusive territories for said wholesalers. Defendant’s witness Swain testified that it was defendant’s practice to adhere strictly to such arrangements; that in April, 1956, J. S. Woodhouse had an exclusive right to wholesale defendant’s products in New York State; that upon request, defendant would ship from 300 to 400 brochures advertising defendant’s products. Plaintiff’s witness Bolton testified that he was using such sales literature at the time he made the sale in question.
The test for “transacting any business ” under CPLR 302 (subd. [a], par. 1) is that the cause of action arise from the purposeful activities engaged in this State in connection with the sale of its products in the New York market. (Longines-Wittnauer v. Barnes & Reinecke, 15 N Y 2d 443, 466, cert. den. 382 U. S. 905.) Solicitation of sales plus shipment into this State will constitute purposeful activity in this State by a foreign manufacturer. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.06a; 66 Col. L. Rev. 199, 203; 51 Cornell L. Q. 377, 384-385.) Mere shipment, in itself, may not be sufficient to prove transaction of business. (See Millner Co. v. Noudar, Lda., 24 A D 2d 326, 330.) However, it was repeatedly mentioned as being strongly indicative of this activity by the Court of Appeals in the Longines case. This is pointed out in the reviews cited above. (See, also, Lewin v. Bock Laundry Mach. Co., 42 Misc 2d 599, affd. 22 A D 2d 854, affd. 16 N Y 2d 1070.) Put another way, purposeful activity is discharging cargo within this State for a profit. (Ingravallo v. Pool Shipping Co., 247 F. Supp. 394, 401-402.)
In this case, Sam Mulkey Company shipped the hay elevator to J. S. Woodhouse at its office in Syracuse, N. Y. It had continuously shipped hundreds of hay elevators into this State. It sent its sales managers, at least yearly, into this State to solicit business and establish exclusive territories for its distributors. It provided for a wide distribution of its brochures and sales literature in this State.
Another strong indication that a manufacturer is transacting business here is the appearance of its agents in this State to further its economic interests. (Longines-Wittnauer v. Barnes & Reinecke, supra; Millner v. Noudar, Lda., supra.) Here again defendant’s own agent, a sales manager, consistently visited this State. Furthermore, defendant’s agents delivered these products directly to the wholesaler’s places of business in New York. (See Ingravallo v. Pool Shipping Co., supra.)
*747 In summary defendant’s acts of shipping its products into this State on a continuous, well-planned basis, the activities of agents in this State and the distribution of sales literature in this State constituted the transaction of business here.
Defendant’s motion is, accordingly, denied, with $20 costs to the plaintiff.